Veronika Fabian, State Bar 018770
Hyung S. Choi, State Bar 015669
CHOI & FABIAN, PLC
1423 S. Higley Rd., Suite 110
Mesa, AZ 85206
Tel: (480) 517-1400
Fax: (480) 517-6955
hyung@choiandfabian.com
veronika@choiandfabian.com

Attorneys for Plaintiffs Rothbauer

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Donna and Steven Rothbauer, husband and wife,<br><br>Plaintiffs,<br><br>vs.<br><br>Surety Acceptance Corporation, an Arizona corporation,<br><br>Defendant. | NO CV _____<br><br>**COMPLAINT**<br><br>(Violation of the Fair Debt Collection Practices Act; Invasion of Privacy) |

## INTRODUCTION

1. Defendant debt collector has repeatedly and improperly attempted to collect an alleged debt from Plaintiffs. Because of Defendant's failure to comply with the law, Plaintiffs do not even know what the debt is for. Plaintiffs bring this action to remedy Defendant's violation of the Fair Debt Collection Practices Act ("FDCPA") and invasion of their privacy.

## JURISDICTION

2. This Court has jurisdiction over this matter pursuant to the FDCPA, 15 U.S.C. § 1692k(d).

3. This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367(a).

## PARTIES

4. Plaintiff Donna Rothbauer is a natural person residing in Sierra Vista, Arizona.

5. Ms. Rothbauer is a "consumer" as defined by § 1681a(c) of the FCRA.

6. Plaintiff Steven Rothbauer is a natural person residing in Sierra Vista, Arizona.

7. Mr. Rothbauer is a "consumer" as defined by § 1681a(c) of the FCRA.

8. Defendant Surety Acceptance Corporation ("Surety") is an Arizona Corporation.

9. Surety regularly collects or attempts to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, to another.

10. Surety is a collection agency as defined by the FDCPA. 15 U.S.C.A. § 1692a(6).

## FACTS COMMON TO ALL COUNTS

11. On or about October 17th or 18th, Surety began contacting Plaintiffs regarding an alleged debt by telephone.

12. Surety placed repeated phone calls to Plaintiffs at their home.

13. Ms. Rothbauer works as the vital records clerk at the Cochise County Health Department.

14. Surety placed repeated phone calls to Ms. Rothbauer at the Cochise County Health Department.

15. At the time of the first phone call, Ms. Rothbauer informed Surety that her employer had expressly forbidden phone calls from debt collectors at her place of business.

16. Nevertheless, Surety continued to contact Ms. Rothbauer at her place of employment.

17. At times, Surety called Ms. Rothbauer up to four times in a single day.

18. On or about October 24, 2008, Surety sent the Rothbauers a letter attempting to collect an alleged debt.  (A copy of that letter is attached as Exhibit A).

19. This was Surety's initial written communication with the Rothbauers.

20. The letter made the following references:

    ACCOUNT NUMBER: 2951313
    RE:   YOUR CREDITORS
    TOTAL DUE:      $1,253.03

21. In the body of the letter, Surety stated:

    WE HAVE VERIFIED YOUR EMPLOYMENT AT:
    COCHISE COUNTY HEALTH DEPT
    CALL THIS OFFICE TO MAKE ARRANGEMENTS ON THE ABOVE BALANCE OR WE MAY PROCEED WITH FURTHER ACTION.

22. The letter was from an individual named Tim Wolfe.

23. At all relevant times, Wolfe acted as an agent, and within the scope of his employment, for Surety.

24. Surety's letter did not provide the name of the creditor to whom the debt was allegedly owed.

25. Surety's letter did not include any information regarding the Rothbauers' right to dispute the debt.

26. Surety's letter did not include any information regarding the Rothbauers' verification rights.

27. The Rothbauers have no idea what the underlying alleged debt was for or where it originated.

28. Five days after the above-referenced letter was sent, Donna Rothbauer received an email from someone in Cochise County payroll department. (A copy of that email is attached as Exhibit B).

29. According to that email, Tim Wolfe with Surety had "just" called to verify Ms. Rothbauer's employment.

30. Apparently, this was Wolfe's second "verification" of Ms. Rothbauer's employment.

31. Wolfe and Surety called Ms. Rothbauer's employer on a third and separate occasion to verify her employment.

32. At that time, Wolfe spoke to Ms. Rothbauer's director, Vaira Harik.

33. After Ms. Harik told Wolfe not to call Ms. Rothbauer at work, Wolf told her "don't you worry, we will take care of Donna" in a condescending and threatening manner.

34. On or about November 13, 2008, the Rothbauers sent Wolf and Surety a dispute letter.  (A copy of that letter is attached as Exhibit C).

35. In that letter, the Rothbauers disputed that they owed any money and asked Surety to provide a verification of the debt.

36. To date, Wolfe and Surety have not responded to that letter.

## COUNT I:  VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

37. Surety's actions violate the Fair Debt Collection Practices Act ("FDCPA"), including but not limited to 15 U.S.C.A. §§ 1692g(a); 1692e(b);1692c(a)(1); 1692c(b); 1692e; 1692f; and 1692g(b).

38. As a result of Surety's violations of the FDCPA, the Rothbauers have suffered damages in an amount to be determined by this Court.

39. Therefore, Plaintiffs are entitled to recover actual and statutory damages, attorney's fees and costs from Surety.  15 U.S.C.A. § 1692k.

## COUNT II: INVASION OF PRIVACY

40. Surety's debt collection efforts with respect to the Rothbauers were unreasonable.

41. Consequently, Surety's acts and omissions constitute an invasion of privacy.

42. As a result of Surety's invasion of privacy, the Rothbauers suffered damages in an amount to be determined by this Court.

43. In invading the Rothbauers' privacy, Surety acted with an evil mind, intending to injure the Rothbauers or consciously disregarding the substantial risk that its conduct would cause significant harm to the Rothbauers.

44. The Rothbauers are therefore entitled to recover both actual and punitive damages.

## JURY DEMAND

45. The Rothbauers demand a trial by jury on all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Rothbauers pray that this Court:

a. Award them actual, statutory, and punitive damages;

b. Award them attorney's fees and costs; and,

c. Award them such other further relief as it deems just.


RESPECTFULLY SUBMITTED March 24, 2009.

CHOI & FABIAN, PLC



Veronika Fabian /s/
Attorneys for Plaintiffs Rothbauers